**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| CLEMENT GOSS, | : | CIVIL ACTION NO. |
| GDC ID # 548025, | : | 2:11-CV-00170-RWS-SSC |
|     Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | |
| DOCTOR TODD, | : | PRISONER CIVIL RIGHTS |
| M.D. at Forsyth County Detention | : | 42 U.S.C. § 1983 |
| Center, | : | |
| FORSYTH COUNTY DETENTION | : | |
| CENTER (Medical Department), | : | |
|     Defendants. | : | |

**MAGISTRATE JUDGE'S ORDER
AND FINAL REPORT AND RECOMMENDATION**

Plaintiff, currently confined at the Coffee Correctional Facility in Nicholls, Georgia, has submitted this *pro se* civil rights action, seeking relief under 42 U.S.C. § 1983.  The matter is now before the Court for an initial screening.  For the purpose of dismissal only, leave to proceed *in forma pauperis* is **GRANTED**.

**I.    The Legal Framework**

    **A.    28 U.S.C. § 1915A Review**

Title 28 U.S.C. § 1915A requires a federal court to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or from an officer or employee of such an entity, to determine whether the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such

relief. A complaint is frivolous when it "has little or no chance of success"—for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "the defendant's absolute immunity justifies dismissal before service of process." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir.) (internal quotations omitted), cert. denied, 510 U.S. 893 (1993). A complaint fails to state a claim unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 129 S. Ct. at 1949-50. To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." Id. at 1950; see also Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal"), cert. denied, 540 U.S. 872 (2003).

### B.  42 U.S.C. § 1983 Cause of Action

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a defendant's act or omission under color of state law deprived him of a right,

2

privilege, or immunity secured by the Constitution or laws of the United States. See Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because plaintiffs' factual allegations were insufficient to support the alleged constitutional violation), cert. denied, 540 U.S. 1219 (2004).

## II. The Complaint

Plaintiff asserts that he fell and injured his shoulder on February 5, 2009 during his confinement at the Forsyth County Detention Center (FCDC), and thereafter he was denied proper medical treatment by Dr. Todd and the FCDC Medical Department. (Doc. 1 at 4-6). Plaintiff states that it was only after his transfer to state prison sometime after August 2009 that he received proper medical attention, which eventually involved shoulder surgery in 2010. (Id. at 7-8). Plaintiff acknowledges that Dr. Todd examined his shoulder on more than one occasion, ordered medication for his pain and ordered an X ray and an MRI of his shoulder. (Id. at 4-6).

## III. Discussion

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth

3

Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (internal citation omitted). Thus the government has an "obligation to provide medical care for those whom it is punishing by incarceration." Id. at103. The Court explained in Gamble that "[a]n inmate must rely on prison authorities to treat his medical needs . . . , denial of medical care may result in pain and suffering . . . [and t]he infliction of such unnecessary suffering is inconsistent with contemporary standards of decency as manifested in modern legislation codifying the commonlaw view that it is but just that the public be required to care for the prisoner, who cannot by reason of the deprivation of his liberty, care for himself." Id. at 103-04 (internal citations and quotations omitted).

To demonstrate deliberate indifference to serious medical needs, a plaintiff must show "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003 (internal quotation omitted)). The medical need must be "objectively serious." Taylor v. Adams, 221 F.3d. 1254, 1258 (11th Cir. 2000), cert. denied, 531 U.S. 1077 (2001). "A 'serious medical need' is 'one that is diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the need for medical treatment.' " Pourmoghani-Esfahani v. Gee, 625 F.3d 1313, 1317 (11th Cir. 2010) (quoting Burnette v. Taylor, 533 F.3d 1325, 1330 (11th Cir. 2008)). A plaintiff may

4

establish deliberate indifference by showing that a prison official failed or refused to provide care for her serious medical condition, delayed care "even for a period of hours," chose "an easier but less efficacious course of treatment," or provided care that was "grossly inadequate" or "so cursory as to amount to no treatment at all." McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999) (internal quotation omitted).

Negligence, however, even rising to the level of medical malpractice, does not constitute deliberate indifference. McElligott, 182 F.3d at 1254. See also Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995) (noting that "[m]ere negligence in diagnosing or treating a medical condition is an insufficient basis" for an Eighth Amendment deliberate indifference claim). Nor does a simple disagreement over a diagnosis or course of treatment constitute deliberate indifference. As long as the medical treatment provided is "minimally adequate," a prisoner's preference for a different treatment does not give rise to a constitutional claim. See Harris v. Thigpen, 941 F.2d 1495, 1504-05 (11th Cir. 1991); see also Adams, 61 F.3d at 1547 (concluding that the medical provider's "failure to administer stronger medication" to a prisoner who subsequently died was "a medical judgment and, therefore, an inappropriate basis for imposing liability under section 1983").

Plaintiff brought the same deliberate indifference claim he presents now in a previous lawsuit in this Court and the Court dismissed his complaint for failure

5

to state a claim. See Goss v. Paxton, No. 2:10-CV-00178-WCO (N.D. Ga. Nov. 9, 2010). The Court explained:

> [T]he medical records and grievance forms attached to plaintiff's complaint indicate that he has received treatment for his shoulder injury, including physical therapy and medical examinations. "[T]he question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment is a classic example of a matter for medical judgment and therefore not an appropriate basis for grounding liability" for a § 1983 deliberate indifference claim. *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995). Therefore, plaintiff fails to state a deliberate indifference claim against Doctor Todd.

Order at 4-5, Goss, No. 2:10-CV-00178-WCO (footnote and citation omitted). For the same reason, the undersigned finds that Plaintiff has failed to state a claim against Doctor Todd and the FCDC Medical Department in this action as well.

## IV. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be dismissed under 28 U.S.C. § 1915A.

The Clerk **SHALL** terminate the referral to the Magistrate Judge.

**IT IS SO ORDERED and RECOMMENDED** this 20th day of October, 2011.

*Susan S. Cole*
SUSAN S. COLE
United States Magistrate Judge

AO 72A (Rev.8/82)