**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| CLEMENT GOSS, | : | CIVIL ACTION NO. |
| GDC ID # 548025, | : | 2:11-CV-00170-RWS |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DOCTOR TODD, | : | PRISONER CIVIL RIGHTS |
| M.D. at Forsyth County Det. Center, | : | 42 U.S.C. § 1983 |
| FORSYTH COUNTY DET. CENTER | : | |
| (Medical Dep't), | : | |
|     Defendants. | : | |

# **ORDER**

Plaintiff, a Georgia prisoner, filed a 42 U.S.C. § 1983 action claiming that Defendants were deliberately indifferent to his serious medical needs arising from the shoulder injury he sustained on February 5, 2009 while he was a pretrial detainee at the Forsyth County Detention Center (FCDC). [Doc. 1]. Now before the Court are the Magistrate Judge's Report and Recommendation to dismiss Plaintiff's complaint under 28 U.S.C. § 1915A for failure to state a claim on which relief may be granted [Doc. 5], Plaintiff's Objection thereto [Doc. 6], and Plaintiff's Motion to Amend and Supplement his complaint [Doc. 7]. In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of those portions of the Report to which Plaintiff objects, and has reviewed

the remainder of the Report for plain error.  See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

In his objection, Plaintiff claims that a *de novo* review of his complaint "will determine that [he] did not receive treatment or physical therapy while [he] was at Forsyth County Detention Center" and that he received treatment only after his transfer to state prison in late 2009.  [Doc. 6 at 2; see Doc. 7 at 3; Doc. 5 at 3].  Plaintiff states that the Magistrate Judge "failed to closely scrutinize the medical records and grievances [he] submitted." [Doc. 7 at 3].  He asserts that "currently he still suffers daily, serious pains from his shoulder injury and that his shoulder droops as though he is deformed."  [Id.].  In his motion to amend, Plaintiff seeks to add as a Defendant the transportation officer at the FCDC, who Plaintiff alleges caused his shoulder injury as he exited the transportation van on February 5, 2009 through the officer's deliberate indifference to Plaintiff's safety.  [Id. at 2-3].

In the Report and Recommendation, the Magistrate Judge noted the following factual allegations contained in Plaintiff's complaint:

> Plaintiff asserts that he fell and injured his shoulder on February 5, 2009 during his confinement at the Forsyth County Detention Center (FCDC), and thereafter he was denied proper medical treatment by Dr. Todd and the FCDC Medical Department. (Doc. 1 at 4-6). Plaintiff states that it was only after his transfer to state prison sometime after

2

> August 2009 that he received proper medical attention, which eventually involved shoulder surgery in 2010. (Id. at 7-8). *Plaintiff acknowledges that Dr. Todd examined his shoulder on more than one occasion, ordered medication for his pain and ordered an X ray and an MRI of his shoulder.* (Id. at 4-6).

[Doc. 5 at 3 (emphasis added)]. In concluding that Plaintiff failed to state a claim for relief, the Magistrate Judge relied in part upon this Court's ruling in Goss v. Paxton, 2:10-CV-178 (N.D. Ga. Nov. 9, 2010), wherein this Court concluded, based on some of the same evidence and claims Plaintiff has presented here, that he had failed to state a claim for relief because "the medical records and grievance forms attached to [his] complaint indicate that he has received treatment for his shoulder injury, including physical therapy and medical examinations." [Doc. 5 at 5-6]. As noted above, Plaintiff states, apparently correctly, that he did not receive physical therapy until his transfer to state prison, although the Court notes that while at the FCDC he received an x-ray and an MRI examination of his shoulder, as well as pain medication. [See Doc. 1 at 4-6]. The timing of Plaintiff's physical therapy does not affect the outcome here. Plaintiff cannot sustain an Eighth Amendment deliberate indifference claim based on his disagreement with the course of treatment chosen by his treating physician at the FCDC unless that course of treatment was less than "minimally adequate." See Harris v. Thigpen, 941 F.2d 1495, 1504-05 (11th Cir.

3

1991); see also Adams v. Poag, 61 F.3d 1537, 1547 (11th Cir. 1995) (concluding that the medical provider's "failure to administer stronger medication" to a prisoner who subsequently died was "a medical judgment and, therefore, an inappropriate basis for imposing liability under section 1983"). The Court finds nothing in the record to indicate that Plaintiff's treatment while at the FCDC was less than minimally adequate. As this Court noted in dismissing Plaintiff's previous complaint regarding the treatment of his shoulder injury: "'[T]he question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment is a classic example of a matter for medical judgment and therefore not an appropriate basis for grounding liability' for a § 1983 deliberate indifference claim." [See Doc. 5 at 6 (quoting Adams, 61 F.3d at 1545)]. Accordingly, the Court finds no error, plain or otherwise, in the Magistrate Judge's Report and Recommendation.

Plaintiff's motion to amend his complaint is also unavailing. A two-year statute of limitations applies to 42 U.S.C. § 1983 claims arising out of events in Georgia. Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003). Plaintiff's attempt to amend his complaint regarding his alleged shoulder injury on February 5, 2009–via the instant motion to amend, which he executed and filed on November 1, 2011–is futile because, absent circumstances that are not apparent on the face of Plaintiff's

4

pleadings, his claim against the unnamed transportation officer is untimely by almost nine months. See Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (stating that prisoner complaint may be dismissed as frivolous if it appears "beyond a doubt from the complaint itself that [the prisoner] can prove no set of facts [to] avoid a statute of limitations bar").

Accordingly, the Court **OVERRULES** Plaintiff's Objection [Doc. 6], **ADOPTS** the Magistrate Judge's Report and Recommendation [Doc. 5] as the Order of this Court, **DENIES** Plaintiff's Motion to Amend and Supplement [Doc. 7], and **DISMISSES** this action [Doc. 1].

**IT IS SO ORDERED** this  15th  day of December, 2011.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)